UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

KBS HOLDCO, LLC,

Plaintiff,

v.

CITY OF WEST HOLLYWOOD, *et al.*,

Defendants.

Case No. 2:22-cv-05750-FLA (GJSx)

**ORDER DENYING PLAINTIFF KBS HOLDCO, LLC'S MOTIONS FOR REVIEW AND RECONSIDERATION OF MAY 27 AND JUNE 5, 2025 ORDERS [DKTS. 218, 223]**

## RULING

Before the court are Plaintiff KBS Holdco, LLC's (d/b/a Regency Outdoor Advertising, "Plaintiff" or "Regency") Motions for Review and Reconsideration ("Motions," Dkts. 218, 223) of the assigned Magistrate Judge's May 27 and June 5, 2025 Orders (Dkts. 200, 217) granting former Defendant Orange Barrel Media, LLC ("Orange Barrel") and non-party Jeffrey A. Seymour's ("Seymour") *Ex Parte* Applications to Quash Subpoenas (Dkts. 194, 206).[1] The court finds these matters appropriate for resolution without oral argument and vacates the hearings set for July 11 and 18, 2025. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.

For the reasons stated below, the Motions are DENIED. The court further ORDERS all counsel of record for Plaintiff to reread all of the court's prior orders in this action carefully and submit declarations within seven (7) days attesting to their careful review. Failure to submit such declarations timely may result in the imposition of monetary sanctions of up to $1,000 against each non-compliant counsel and Alston and Bird LLP, jointly and severally, payable to the court. Failure to comply with the court's orders and rules may result in more severe sanctions.

## BACKGROUND

On January 2, 2025, the court issued orders granting former Defendants Orange Barrel Media, LLC ("Orange Barrel") and David Ehrlich's ("Ehrlich") Motions to Dismiss Plaintiff's Second Amended Complaint ("SAC"), and granting in part and denying in part Defendant City of West Hollywood's (the "City") Motion to Dismiss the SAC. Dkts. 157, 158. Only Plaintiff's first and second causes of action against the City for: (1) declaratory relief for violation of the First Amendment; and (2) injunctive relief remain. On January 27, 2025, the court approved the parties' Stipulation to Modify Scheduling Order (Dkt. 162), and extended the fact discovery

[1] The court cites documents by the page numbers added by the court's CM/ECF System, rather than any page numbers included in documents natively.

cut-off date to June 6, 2025. Dkt. 164 at 2.

On May 12 and 13, 2025, Plaintiff served subpoenas on Orange Barrel and Seymour respectively, seeking testimony and the production of documents. Dkt. 218-1 (Rosenfeld Decl.) ¶ 25; Dkt. 218-24 (subpoena to Orange Barrel); Dkt. 223-1 (Rosenfeld Decl.) ¶ 28; Dkt. 223-27 (subpoena to Seymour).

On May 21, 2025, Orange Barrel filed an *Ex Parte* Application to Quash or Modify Deposition Subpoena and for Protective Order ("Orange Barrel's *Ex Parte* Application"), requesting "a protective order precluding [Plaintiff] from seeking to depose [Orange Barrel's] corporate representative in this case…." Dkt. 194 at 10. Orange Barrel argued the subpoena was untimely because Plaintiff "served the subpoena years into the case, months after all claims against [Orange Barrel] were dismissed with prejudice, and within a few weeks of the fact discovery cutoff—and well after the discovery motion cutoff." *Id.* Orange Barrel additionally argued Plaintiff violated its duty to take reasonable steps to avoid imposing undue burden or expense on Orange Barrel, which was no longer a party to the action, by demanding Orange Barrel "designate a representative to appear for deposition … and prepare that representative within 2 weeks to testify on ***79 overbroad topics*** that have nothing to do with [Plaintiff's] facial First Amendment challenge to the [City's] standards for awarding billboard sites on the Sunset Strip." *Id.* (emphasis in original).

On May 27, 2025, the Magistrate Judge granted Orange Barrel's *Ex Parte* Application, finding "the third-party subpoena at issue … was served too late," and "[t]here was insufficient time between the service of the subpoena and the Discovery Cutoff in this matter for Orange Barrel to properly challenge, and for the Court to consider, the propriety and relevance of the seventy-nine topics of testimony and categories of information sought by Plaintiff." Dkt. 200 at 1. The Magistrate Judge further found that "even if all of the seventy-nine topics were clearly relevant and not overbroad, Orange Barrel would be overburdened having to properly prepare one or more witnesses for deposition by the noticed date (or any date before the fast-

approaching discovery cutoff).” *Id.* at 1–2.

As the Magistrate Judge explained:

> This timing problem is of Plaintiff’s own making. While the Court does not agree with Orange Barrel that Plaintiff could and should have taken this discovery while Orange Barrel was still a party to the case, Plaintiff could and should have made efforts to do so soon after the case was at issue in its present state, *i.e.*, once the District Judge issued orders on the motions to dismiss in early January. Plaintiff had four months before the extended Discovery Cutoff to tee up the 30(b)(6) deposition it now seeks.
>
> While the Court believes that some third-party discovery from Orange Barrel would have been appropriate and relevant to the facial First Amendment claims that remain in the case, it is clear that the scope of discovery sought by the subpoena is vastly overbroad. It appears from Plaintiff’s arguments, which continue to focus on alleged fraud and wrongdoing by Orange Barrel, Erlich, and the City of West Hollywood, that Plaintiff has not yet come to terms with the extent to which the case has been narrowed by the January Court Orders. The claims in which wrongdoing – and therefore the parties’ and third-parties’ *intent* was at issue – have been dismissed. While the Court has had insufficient time to do its own research on this issue, Plaintiff has not cited any authority for the proposition that most of what it seeks, related primarily to “bad” acts and intent, is an element of its remaining First Amendment claims.
>
> Plaintiff’s papers also did not address (and likely could not have addressed in the time allotted) the relevance of each of the seventy-nine categories of information about which Plaintiff seeks documents and testimony. The Court was given no basis to connect the categories of information sought with the elements of any claims remaining in the case. Frankly, the Court could not have considered and ruled on arguments as to each category before the January 6th cutoff even given full briefing at this late date. This is the very reason the Local Rules, the District Judge’s scheduling order, and this Court’s procedures admonish parties to timely serve discovery such that any disputes can be heard and ruled on before expiration of the discovery period.

*Id.* at 2 (footnote omitted).

/ / /

On June 3, 2025, Seymour filed an *Ex Parte* Application to Quash Rule 45 Subpoena ("Seymour's *Ex Parte* Application), requesting the court quash Plaintiff's subpoena on the grounds it was overbroad, untimely, and untethered to Plaintiff's remaining First Amendment claims. Dkt. 206 at 6. Seymour further argued that the subpoena imposed an undue burden on Seymour, a non-party to the action, and sought discovery that was not proportional to the needs of the case and that could have been obtained from the City—which is a party to this action. *Id.* at 2, 6.

On June 5, 2025, the Magistrate Judge granted Seymour's *Ex Parte* Application in an Order that incorporated the reasoning set forth in the May 27, 2025 Order. Dkt. 217 at 1. As the Magistrate Judge explained:

> The only real distinction Plaintiff makes between the late-served Orange Barrel subpoena and the late-served Seymour subpoena is that the latter is directed to an individual, requesting fewer documents and seeking only percipient witness rather than 30(b)(6) testimony. In other words, Plaintiff argues that the subpoena is less burdensome (although still directed to a non-party). While that may be true – it is not possible for the Court to determine the extent of any overbreadth of the categories of documents and information sought in the context of an *ex parte* application, so burden is still an issue – it does not negate the fact that Plaintiff had ample time to seek this testimony prior to the eleventh hour. Plaintiff served the subpoena *less than four weeks* before the Discovery Cutoff, despite both the Case Management Order of the District Judge and Procedures of the undersigned cautioning that all discovery should be served with reasonable time for compliance and resolution of any related disputes prior to the cutoff. The service of these late subpoenas smacks more of ambush tactics than thoughtful, planned discovery.

*Id.* at 1–2 (emphasis in original).

## DISCUSSION

### I. Legal Standard

When a magistrate judge decides a pretrial matter not dispositive of a party's claim or defense, the district judge assigned to the action "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is

contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *see also Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) ("Pretrial orders of a magistrate [judge] under [§] 636(b)(1)(A) are reviewable under the 'clearly erroneous and contrary to law' standard; they are not subject to *de novo* determination….") (citations omitted).

"The clear error standard is significantly deferential and is not met unless the reviewing court is left with a definite and firm conviction that a mistake has been committed." *In re Mersho*, 6 F.4th 891, 898 (9th Cir. 2021) (internal quotation marks and citations omitted). "A finding is 'clearly erroneous' when[,] although there is evidence to support it, the reviewing court on the entire [record] is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). If a magistrate judge's account of the evidence "is plausible in light of the record viewed in its entirety," the district court may not reverse it even if it would have weighed the evidence differently had it been sitting as the trier of fact. *See Anderson v. Bessemer City*, 470 U.S. 564, 573–74 (1985); *Phoenix Eng'g & Supply Inc. v. Universal Elec. Co.*, 104 F.3d 1137, 1141 (9th Cir. 1997). "A ruling usually cannot be clearly erroneous if there is no Ninth Circuit authority on point, or the question has not been addressed by any circuit court." *In re Mersho*, 6 F.4th at 898.

While a magistrate judge's factual findings are entitled to significant deference, purely legal determinations by the magistrate judge are subject to independent review. *Green v. Baca*, 219 F.R.D. 485, 489 (C.D. Cal. 2003); *see also DCD Partners, LLC v. Transamerica Life Ins. Co.*, Case No. 2:15-cv-03238-CAS (GJSx), 2018 U.S. Dist. LEXIS 226010, at *5 (C.D. Cal. June 13, 2018) ("An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.").

**II. Analysis**

Plaintiff contends the Magistrate Judge "erroneously quashed" properly issued and lawful subpoenas to key witnesses that were timely noticed and served, well

within the discovery period, and well within the broad scope of discovery under federal law. Dkt. 218 at 21; Dkt. 223 at 21. Plaintiff further contends the Magistrate Judge clearly erred in stating that the subpoenas were overbroad, and ruling that there was a timing or scheduling issue with the subpoenas. The court disagrees.

The Magistrate Judge did not clearly err or act contrary to law in determining the subpoenas were overbroad and sought discovery disproportionate to the needs of the case. This court has held already that Plaintiff's claims against Orange Barrel and Ehrlich are barred by the *Noerr-Pennington* doctrine and that Plaintiff failed to establish any exceptions to *Noerr-Pennington* protection applied. Dkt. 112 at 5–10 (discussing why Plaintiff's claims against Orange Barrel and Ehrlich are barred by the *Noerr-Pennington* doctrine); Dkt. 157 at 4–5 (dismissing Plaintiff's claims without leave to amend). The court has also held Plaintiff failed to plead sufficient facts to state claims against the City for violations of due process. Dkt. 158 at 11.

Plaintiff's only remaining claims are for a declaration that Ordinance No. 19-1063, the amendments to the Sunset Specific Plan regarding off-site signage in the Sunset Specific Plan Area, and related Round 2 Submission Process (collectively, the "Ordinance and Plan") comprise an unconstitutional, content-based prior restraint on commercial speech, in violation of the First Amendment, and for a related order enjoining the City from issuing new sign permits, entering into new development agreements, and authorizing construction of new signs. Dkt. 113 (SAC) ¶¶ 90–93, 97–99. Plaintiff offers no explanation for why the discovery at issue is relevant or proportionate to these claims or the City's defenses thereto.[2]

---

[2] Plaintiff argues "[t]his case relates to a corrupt and unconstitutional program, known as the Sunset Arts and Advertising Program…, relating to new billboard sites on the Sunset Strip that was rigged in favor of Orange Barrel and enabled Orange Barrel to unfairly receive numerous coveted billboard sites on the Sunset Strip that are ultimately worth billions of dollars." *E.g.*, Dkt. 218 at 2. Even if the court were to assume *arguendo* that Plaintiff's contentions were true, Plaintiff offers no explanation

Plaintiff further argues the Magistrate Judge erred by quashing the subpoenas and issuing protective orders against the depositions—rather than narrowing the scope of the subpoenas. Dkt. 218 at 26; Dkt. 223 at 26. Plaintiff cites cases including *WebSideStory, Inc. v. NetRatings, Inc.*, Case No. 3:06-cv-00408-WQH-AJB, 2007 U.S. Dist. LEXIS 20481, at * 7 (S.D. Cal. Mar. 22, 2007), to argue a deposition should not be precluded in its entirety absent "extraordinary circumstances." Dkt. 218 at 26. *WebSideStory* concerned a plaintiff's motion to quash the defendant's deposition notice for an individual who was a current director and the former Chief Executive Officer of the plaintiff, and does not support Plaintiff's assertion that "extraordinary circumstances" are necessary to quash deposition subpoenas directed to non-parties. To the contrary, the Ninth Circuit has recognized that discovery is more limited when directed at non-parties than parties, to protect non-parties "from harassment, inconvenience, or disclosure of confidential documents." *Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649, 651 (9th Cir. 1980) (affirming lower court's order quashing a subpoena *duces tecum* and denying further discovery against nonparty). Plaintiff's other cited cases are similarly inapposite and distinguishable, *see* Dkt. 218 at 26–27, and Plaintiff fails to establish the Magistrate Judge clearly erred or acted contrary to law on this basis.

The Magistrate Judge also did not clearly err or act contrary to law in ruling that there was insufficient time between the service of the subpoenas and the fact discovery cut-off date for Orange Barrel and Seymour to properly challenge, and for

---

why Orange Barrel, Ehrlich, Seymour, or any other individual's intent is relevant to the determination of whether the Ordinance and Plan are facially unconstitutional. *See* Dkts. 218, 223, 230, 231. Plaintiff's repeated assertions that the City, Orange Barrel, and Ehrlich's conduct was "fraudulent" and "collusive" are not sufficient to establish that the discovery requested are relevant or proportional to the needs of the case that remains. *See* Fed. R. Civ. P. 26(b)(1). If anything, the amount of focus and discussion that Plaintiff has devoted in these Motions to this largely irrelevant subject only proves "Plaintiff has not yet come to terms with the extent to which the case has been narrowed by the January Court Orders." *See* Dkt. 200 at 2.

the Magistrate Judge to consider, the propriety and relevance of Plaintiff's requests. Dkt. 200 at 1; Dkt. 217 at 1–2. As the Magistrate Judge noted in both Orders (Dkt. 200 at 3; Dkt. 217 at 1–2), the court's Initial and Amended Scheduling Orders instruct the parties to notice depositions sufficiently in advance of the fact discovery cut-off date to permit discovery motions, and advise that "[g]iven the requirements to meet and confer and to give notice, a planned motion to compel must ordinarily be discussed with the opposing party at least six (6) weeks before the cut-off." Dkt. 24 at 4; Dkt. 117 at 5.

Plaintiff, thus, knew or should have known that noticing the depositions of non-parties, including one that had been dismissed from the action months prior, to testify concerning topics that had little to no bearing on Plaintiff's remaining facial First Amendment challenge to the City's standards for awarding billboard sites on the Sunset Strip, less than one month before the fact discovery cut-off date, risked having the subpoenas and depositions quashed as untimely.[3]

Furthermore, on January 27, 2025, the court granted the parties' request to continue the fact discovery cut-off date from February 7, 2025 to June 6, 2025. Dkt. 164. Plaintiff does not offer any explanation for why it did not issue these subpoenas and notice Orange Barrel and Seymour's depositions immediately after the court extended the fact discovery cut-off date, if Plaintiff truly believed this non-party discovery was necessary. Plaintiff, thus, fails to establish the Magistrate Judge committed clear error or acted contrary to law in finding the subpoenas untimely and

---

[3] Plaintiff argues the subpoenas were timely because they were served at least 10 days in advance of the scheduled depositions and "almost a month" before the fact discovery cut-off date. Dkt. 230 at 9; Dkt. 231 at 7. Plaintiff, however, offers no reasonable explanation for why it believed that "almost a month" was sufficient time to litigate late-served unduly broad non-party subpoenas—despite this court's statements in the Initial and Amended Scheduling Orders. Rather than establishing the subpoenas were timely, this argument reveals only that Plaintiff and its counsel did not read this court's orders carefully or pay close attention to the court's instructions.

granting Orange Barrel and Seymour's *Ex Parte* Applications.

**CONCLUSION**

In sum, the court finds the Magistrate Judge did not clearly err or act contrary to law in issuing the May 27 and June 5, 2025 Orders. Plaintiff's Motions for Review and Reconsideration (Dkts. 218, 223) are DENIED. Having denied the Motions for the reasons stated, the court need not address the parties' remaining arguments.

The court additionally ORDERS all counsel of record for Plaintiff to reread all of the court's prior orders in this action carefully and submit declarations within seven (7) days attesting to their careful review. Failure to submit such declarations timely may result in the imposition of monetary sanctions of up to $1,000 against each non-compliant counsel and Alston and Bird LLP, jointly and severally, payable to the court. Failure to comply with the court's orders and rules may result in more severe sanctions.

IT IS SO ORDERED.

Dated: July 8, 2025

FERNANDO L. AENLLE-ROCHA
United States District Judge